B. F. BOWERS v. R. R. BEATTY.

(Filed 23 September, 1931.)

1. **Appeal and Error J e—Directed verdict on one issue, if error, held harmless in view of answers to other issues.**

    Where the verdict establishes the fact that the intervener has a written registered chattel mortgage on the defendant's property and that the debt secured thereby is greater than the value of the property, a directed verdict on a subsequent issue against the plaintiff claiming a verbal mortgage on the same property, if error, is harmless.

2. **Chattel Mortgages B a—Registered chattel mortgage held valid as against attachment and claim and delivery.**

    The validity of the intervener's mortgage, duly executed and registered, as against the plaintiffs' subsequent attachment of the property and proceedings in claim and delivery is upheld upon authority of *Hornthal v. Burwell,* 109 N. C., 10.

APPEAL by plaintiffs from *Stack, J.,* at March-April Term, 1931, of BEAUFORT.

Separate actions by B. F. Bowers and Bayview Company, creditors of R. R. Beatty, to recover on their respective claims, the one invoking the aid of attachment on a merry-go-round and swing, the other the ancillary proceeding in claim and delivery, consolidated by consent for trial, and, in the consolidated action, one Geo. A. Wilson intervened and set up claim to the property attached and seized, by virtue of a prior chattel mortgage executed and registered in Chesterfield County, S. C., and also registered in Beaufort County, N. C.

The jury returned the following verdict:

"1. In what amount, if any, is the defendant indebted to the plaintiff, Bayview Company? Answer: $280.00 (by consent).

"2. In what amount, if any, is the defendant indebted to the plaintiff, B. F. Bowers? Answer: $561.45 (by consent), with interest from 1 July, 1931.

"3. Has the intervener, Geo. A. Wilson, a chattel mortgage on the merry-go-round in question, as alleged in the interplea? Answer: Yes.

"4. If so, what amount is still owing said Geo. A. Wilson on his chattel mortgage? Answer: $1,700.00 and interest.

"5. Has the plaintiff, Bayview Company, a verbal mortgage on the merry-go-round and swing, as alleged in the complaint? Answer: No.

"6. Has the plaintiff, B. F. Bowers, a verbal mortgage on the merry-go-round and swing, as alleged in the complaint? Answer: No.

"7. Is the defendant, R. R. Beatty, a nonresident of the State of North Carolina, and was he such on 30 July, 1930? Answer: No.

"8. What was the value of the merry-go-round on 15 July, 1930. Answer: $900.00 (by consent)."

Judgment on the verdict, from which the plaintiffs appeal, assigning errors.

*MacLean & Rodman for plaintiffs.*
*S. M. Blount for intervener.*
*No counsel appearing for defendant.*

PER CURIAM. Conceding, without deciding, that, under authority of *Odum v. Clark,* 146 N. C., 544, 60 S. E., 513, and the evidence appearing of record, the court erroneously directed an answer to the fifth issue, nevertheless, unless there were error also in respect to the third or fourth issue, which has not been made to appear, a new trial would avail the plaintiffs nothing.

12—201

The validity of the intervener's mortgage, duly executed and registered in Chesterfield County, S. C., and also registered in Beaufort County, N. C., is supported by what is said in *Hornthal v. Burwell,* 109 N. C., 10, 13 S. E., 721, and 5 R. C. L., 399.

No error.